UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

WILLIAM MORALES

                                        Plaintiff,

-against-

THE CITY OF NEW YORK, DEPARTMENT OF
CORRECTION COMMISSIONER MARTIN F.
HORN, WARDEN MICHAEL HOURIHANE, JOHN
DOE CAPTAIN, JOHN DOE CORRECTION OFFICERS
1-N

                                        Defendants.

------------------------------------------------------------------- x



Judge Pauley

COMPLAINT AND
JURY DEMAND

07 CIV 8457

ECF CASE

RECEIVED
SEP 28 2007
U.S.D.C. S.D.N.Y.
CASHIERS

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §§1983, 1988 and the Eighth and Fourteenth Amendments and the laws and Constitution of the State of New York.

2. The claim arises from a July 11, 2006 incident in which Officers of the New York City Department of Correction ("DOC") acting under color of state law, intentionally and willfully subjected plaintiffs to, among other things, excessive force, assault, and battery.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331 and 42 USC §1983. Pendent party

jurisdiction and supplementary jurisdiction over plaintiffs' state law claims are asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

7. Plaintiff is a citizen of the United States and at all times here relevant was a sentenced inmate in the custody of the Department of Correction.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. New York Department of Correction Commissioner Martin Horn ("Horn") was at all times here relevant the Commissioner of the New York City D.O.C., and, as such, was a policy maker with respect to training, supervision, and discipline of D.O.C. officers, including the other individual defendants. Commissioner Horn was responsible for the policy, practice, supervision, implementation, and conduct of all D.O.C. matters and was responsible for the appointment, training, supervision, and conduct of all D.O.C. personnel, including the defendants referenced herein. Commissioner Horn is also responsible for the care, custody, and control of all inmates housed in the D.O.C. jails. As Commissioner, Horn is provided with reports of applications of force, allegations of unreported use of force, and other breaches of security in the Department jails. In addition, at all relevant times, defendant Horn was responsible for enforcing the rules of D.O.C., and for ensuring that D.O.C. personnel obey the laws of the United States and of the State of New York. Defendant Horn is sued in his individual and official capacities.

2

10. At all times relevant hereto, Michael Hourihane was the Warden of Otis Bantum Correction Center ("OBCC"). As Warden, his responsibilities included supervision of correction officers, captains, and other supervisors with respect to the care, custody and control of prisoners confined in the jail. These responsibilities were and are required to be carried out in a manner consistent with the legal mandates that govern the operation of D.O.C. jails, including D.O.C. directives and orders governing the use of force, the reporting of use of force, and the Board of Correction Minimum Standards. As Warden, Hourihane is provided with all reports of use of force, allegations of use of force, and other violent incidents in OBCC. Warden Hourihane is sued in his individual and official capacities.

11. All other individual defendants ("the officers") are employees of the D.O.C., and are sued in their individual capacities.

12. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF CLAIM

13. Within 90 days of the events giving rise to this claim, plaintiff filed written notice of claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

14. On July 11, 2006, at OBCC on Riker's Island, plaintiff was assaulted and battered by Corrections Officers, resulting in injuries to his head and knee.

15. Plaintiff was treated at Elmhurst Hospital for his head injury, which required staples.

16. Corrections officers subjected plaintiff to excessive force without any legitimate security reason.

17. The Inspector General's office investigated this incident.

18. At all times during the events described above, the Corrections Officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

19. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

20. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

   a. Violation of his right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

   b. Violation of his right under the Eighth Amendment to be free from cruel and unusual punishment;

   c. Violation of his New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

   d. Violation of his New York State Constitutional right under Article 1, Section 5, to be free from cruel and unusual punishment;

   e. Physical pain and suffering;

   f. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, and anxiety.

4

### FIRST CAUSE OF ACTION
(42 USC § 1983)

21. The above paragraphs are here incorporated by reference.

22. Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to be free from cruel and unusual punishment and to due process of law pursuant to the Eighth and Fourteenth Amendments to the United States Constitution and are liable to plaintiff under 42 U.S.C. §§1983 and sections five and twelve of the New York State Constitution.

23. Plaintiff has been damaged as a result of defendants' wrongful acts.

### SECOND CAUSE OF ACTION
(MUNICIPAL AND SUPERVISORY LIABILITY)

24. The above paragraphs are here incorporated by reference.

25. The City, the Commissioner, and the Warden are liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants.

26. The City, the Commissioner, and the Warden knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

27. The aforesaid event was not an isolated incident. The City, the Commissioner, and the Warden have been aware for some time (from lawsuits, notices of claim and inmate complaints) that many of their officers are insufficiently trained on how to avoid excessive use of force. The City, the Commissioner, and the Warden insufficiently discipline officers for not reporting fellow officers' misconduct that they have observed, and they fail to discipline officers for making false statements to disciplinary agencies. The investigatory body responsible for monitoring officer behavior, the Inspector General's office, also wrongfully allows officers to

write their own reports, rather than interviewing officers individually, although that is standard procedure for reviewing inmate statements. In addition, the Inspector General routinely fails to investigate claims of violence or abuse when the person suffering does not initiate the claim and also does not supply any outcome of the investigation to the complaining witness. The City, the Commissioner, and the Warden are aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the defendants have failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiff's civil and constitutional rights, without fear of reprisal.

28. The City, the Commissioner, and the Warden knew or should have known that the officers who caused plaintiff's injury had a propensity for the type of conduct that took place in this case. Nevertheless, the City, the Commissioner, and the Warden failed to take corrective action. Without proper supervision not only is this abusive behavior ignored, it is condoned.

29. The City, the Commissioner, and the Warden have failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

30. The City has a policy of representing correction officers through Corporation Counsel instead of paying outside counsel, which means it cannot report problem officers to the Department of Correction. In addition, there is no formal reporting mechanism between the Comptroller's office and the Department of Correction regarding the financial loss by the City as a consequence of officers' conduct.

31. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City, the Commissioner, and the Warden to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiff's rights here

alleged.

32. The City, the Commissioner, and the Warden have damaged plaintiff by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving officer misconduct.

33. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the City, the Commissioner, and the Warden.

### THIRD CAUSE OF ACTION
### (ASSAULT)

34. The above paragraphs are here incorporated by reference.

35. By pushing plaintiff into a door frame, defendants made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

36. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under common law, 42 USC §1983 and New York State laws and Constitution.

37. Plaintiff was damaged by defendants' assault.

### FOURTH CAUSE OF ACTION
### (BATTERY)

38. The above paragraphs are here incorporated by reference.

39. Defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered him.

40. Defendants used excessive and unnecessary force with plaintiff.

41. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under common law, 42

USC §1983 and the New York State Constitution.

42. Plaintiff was damaged by defendant's battery.

## FIFTH CAUSE OF ACTION
(CONSTITUTIONAL TORT)

43. All preceding paragraphs are here incorporated by reference.

44. Defendants, acting under color of law, violated plaintiff's rights pursuant to §§5 and 12 of the New York State Constitution.

45. A damages remedy here is necessary to effectuate the purposes of §§5 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

## SIXTH CAUSE OF ACTION
(NEGLIGENT HIRING & RETENTION)

46. The above paragraphs are here incorporated by reference.

47. Defendant officers had a bad disposition and the D.O.C. knew or should have known of facts that would have led reasonable and prudent people to further investigate the defendant officers' bad dispositions through the hiring process.

48. Defendants knew or should have known that their failure to investigate defendant officers' bad dispositions would lead to plaintiff's injury.

49. Defendants were negligent in their hiring and retaining the officers involved in this case in that they knew or should have known of the officers' propensity to use excessive force.

50. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiffs under common law, 42 USC §1983 and the New York State Constitution.

51. The injury to plaintiff was caused by the officers' foreseeable use of excessive force.

### SEVENTH CAUSE OF ACTION
(RESPONDEAT SUPERIOR)

52. The above paragraphs are here incorporated by reference.

53. Defendants' intentional tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

54. As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, plaintiff was damaged.

### EIGHTH CAUSE OF ACTION
(CONSPIRACY)

55. The above paragraphs are here incorporated by reference.

56. Defendant correction officers made an agreement to attempt to cover up the assault, battery and excessive force against plaintiff.

57. Defendant Correction Officer John Doe took action in furtherance of this agreement by writing a false infraction report against plaintiff.

58. Plaintiff's disciplinary ticket was dismissed.

59. Plaintiff was injured as a result of defendants' conspiracy.

### NINTH CAUSE OF ACTION
(MALICIOUS PROSECUTION)

60. The preceding paragraphs are here incorporated by reference.

61. Defendants, acting with malice, initiated a prosecution against plaintiff and caused him to be prosecuted.

62. Defendants had no reasonable chance at prevailing against plaintiff.

63. The disciplinary proceedings were terminated in plaintiff's favor.

64. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC §1983, New York State common law, and the New York State Constitution.

65. As a result of the malicious prosecution implemented by defendants, plaintiff was damaged.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally as follows:

A.  In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B.  Awarding plaintiff punitive damages in an amount to be determined by a jury;

C.  Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D.  Granting such other and further relief as this Court deems just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury.

DATED:   Brooklyn, New York
         September 28, 2007

TO: New York City
    Corporation Counsel Office
    100 Church Street, 4th floor
    New York, NY 10007

Yours, etc.,

Stoll, Glickman & Bellina, LLP
By: Andrew Stoll, AS 8808

10

Department of Correction Commissioner
Martin Horn
60 Hudson Street
New York, NY 10013

Warden Michael Hourihane
60 Hudson Street
New York, NY 10013

Attorney for Plaintiff
71 Nevins Street
Brooklyn, NY 11217
(718) 852-3710
astoll@stollglickman.com